{¶ 48} I concur with the lead opinion and disposition of the first four assignments of error. The fifth assignment of error involves the issue of juror questions. While I concur in the judgment reached under this assignment, I write separately to emphasize that I do not concur in the "plain error" standard of review and resulting judgment announced in the York decision. The proper standard of appellate review for the matter of jury questions is founded upon a demonstration of prejudice by the appellant as set forth by this court in State v. Cobb, (July 24, 2000), Seneca App. No. 13-2000-07, unreported, at 2, and in Judge Bryant's dissent in York.
 {¶ 49} Although I believe it is ultimately a matter best handled within the discretion of the trial judge on a case by case basis, I join with Judge Bryant in endorsing the guidelines for permitting juror questions at trial as set forth by the United States Sixth Circuit Court of Appeals in U.S. v. Collins, (2000), 226 F.3d 457, cited and quoted in the York dissent. In any event, I continue to respectfully disagree with those who would depart from fundamental propositions of appellate review by purporting to classify any juror question as plain error, even in theabsence of any demonstrated prejudice. See also, State v. Smith, Seneca App. No. 13-01-19, unreported.
BRYANT, J., concurs in the foregoing concurrence.